BYUNG HOON CHUNG; Duk Bon Chung; Myung Bin Chung; Kou Chul Chung, Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–71728.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2007.

Filed May 13, 2008.

Alex C. Park, Law Offices of Alex C. Park, Santa Clara, CA, pro se.

David V. Bernal, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Andrew C. MacLachlan, Anthony C. Payne, U.S. Department of Justice, Civil Div./Office of Immigration Lit., for Respondent.

Before: SCHROEDER, McKEOWN and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Byung Hoon Chung and Duk Bong Chung, and their dependent children, Myung Bin Chung and Kou Chul Chung (collectively "the Chungs"), appeal the BIA's affirmance of an Immigration Judge's ("IJ") finding that they are removable under INA §§ 237(a)(1)(A) and 212(a)(7)(A)(i)(I), as aliens not in possession of valid documents of admission. We withdrew submission of this case pending the court's decision in *Shin v. Mukasey,* 519 F.3d 901 (9th Cir.2008). *Shin* has now been decided, and so we order this case resubmitted as of May 9, 2008.

The Chungs devote a great deal of their brief to discussion of the standards for review of petitions for habeas corpus. No habeas petition filed on behalf of the Chungs is before us for review, and we therefore do not address those arguments. Similarly, because the fraud charges against the Chungs were dropped, we do not address their arguments regarding the sufficiency of the government's evidence of fraud.

The Chungs conceded removability. Thus the government's "initial burden of establishing the alien[s'] deportability by clear and convincing evidence" was satisfied, and the IJ's determination that the Chung's are removable was not error. *Estrada v. INS,* 775 F.2d 1018, 1020 (9th Cir.1985). Although neither the IJ nor the BIA expressly relied on this concession, there was sufficient evidence in the record to support the determination of removability. *Sinotes–Cruz v. Gonzales,* 468 F.3d 1190, 1195 (9th Cir.2006) (quoting 8 U.S.C. § 1229a(c)(3)(A)) ("A determination of removability by an IJ or the BIA must be 'based upon reasonable, substantial, and probative evidence.' "). Because the finding of removability was based on sufficient evidence, and because the Chungs allege no other basis for a due process violation, their argument that "the immigration court may be estopped from deportation for violations of due process" also fails.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The Chungs' argument that the government should be equitably estopped from pursuing their removal is equally unavailing. The Chungs claim they were the victims of a fraud committed by Leland Sustaire, a supervisory official at the INS. As we recently held in another case stemming from this same scheme, "Sustaire was a government employee who took bribes and engaged in fraud, crimes for which he was convicted. There is no dispute that Sustaire's acts were unauthorized. Thus, the threshold requirement for applying equitable estoppel against the government"—that the government authorized the acts—"is not satisfied in this case." *Shin,* 519 F.3d at 907.

DENIED.